**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael J. Ottiano, Sr., | No. CV-05-643-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| The Honorable John Foreman, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa; and Frances L. Johansen, State Bar of Arizona, | |
| Defendants. | |

Defendants John Foreman and Frances Johansen have filed motions to dismiss the amended complaint. Docs. ## 6-7. For the reasons set forth below, the Court will dismiss this case as moot.

**Background**

Pro se Plaintiff Michael Ottiano commenced this action by filing a complaint against Defendants on February 28, 2005. Doc. #1. Plaintiff subsequently amended his complaint. Doc. #8. Plaintiff alleges the following: On March 11, 2004, Plaintiff filed a "motion for immediate release" in a state court criminal case against Nicole Ottiano, *State v. Nicole Ottiano*, CR-2003-015692. *Id.* at 2. Plaintiff filed the motion pursuant to a "Special Power of Attorney" signed by Ms. Ottiano that granted Plaintiff the power

"to act in her stead" in the criminal case. *Id.* At a hearing on Plaintiff's motion, Superior Court Judge John Foreman barred Plaintiff from filing further motions because he was not licensed to practice law in Arizona and informed Plaintiff that the matter would be referred to the State Bar of Arizona. *Id.* at 2-3. Subsequently, State Bar representative Frances Johansen stated in two separate letters that Plaintiff had engaged in the unauthorized practice of law under Rule 31 of the Rules of the Supreme Court of Arizona. *Id.* at 3.[1]

Plaintiff claims that Rule 31 is unconstitutional. *Id.* at 4. Specifically, Plaintiff alleges that Rule 31 violates the Fourteenth Amendment to the United States Constitution because subsection (c) lists 25 exceptions "granting to citizens and/or businesses privileges or immunities that are denied to Plaintiff[.]" *Id.* Plaintiff seeks a declaratory judgment that the rule is unconstitutional and a permanent injunction against its enforcement. *Id.* at 7.

After Plaintiff filed his complaint, Nicole Ottiano entered a plea agreement and was sentenced to a term of imprisonment in the state court case. *Id.* at 9, Ex. 1 (*State v. Nicole Ottiano*, CR-2003-015692, Apr. 19, 2005 Sentence of Imprisonment). This Court may take judicial notice of the plea and sentence. *See* Fed. R. Evid. 201; *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (stating that in resolving a motion to dismiss for lack of subject matter jurisdiction the court may consider evidence outside the pleadings without converting the motion to dismiss to a motion for summary judgment); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (same).

**Discussion**

Defendant Foreman argues that the Court lacks subject matter jurisdiction over Plaintiff's claim because it is moot in light of Ms. Ottiano's guilty plea and sentence. Doc. #6 at 8-9. Defendant Johansen joins Defendant Foreman's motion. Doc. #7. Plaintiff

---

[1] Rule 31(b) provides in part: "Except as hereinafter provided in section (c), no person shall practice law in this state or represent in any way that he or she may practice law in this state unless the person is an active member of the state bar[.]" Ariz. R. Sup. Ct. 31(b). Subsection (c) of Rule 31 lists 25 exceptions to the bar membership requirement. Ariz. R. Sup. Ct. 31(c).

1 argues that his claim is not moot because "federal jurisdiction over an action does not
2 terminate automatically on the entry of judgment in a state court." Doc. #9 at 7 (citing
3 *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517 (2005)).[2]

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Ruvalcaba v. City of L.A.*, 167 F.3d 514, 520 (9th Cir. 1999) (citations and quotation marks omitted). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations and quotation marks omitted).

Plaintiff's claim is moot. Plaintiff alleges that he should be permitted to act in the state criminal case on behalf of Ms. Ottiano pursuant to the "Special Power of Attorney" she gave him. Docs. ##8 at 2, 9 at 5. But the state criminal case has been resolved by plea agreement and Ms. Ottiano has been sentenced to a term of imprisonment. Doc. #6 Ex. 1. The relief Plaintiff seeks – to represent Ms. Ottiano in the state case – no longer is available. "If there is no longer a possibility that [a plaintiff] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba*, 167 F.3d at 521; *see Foster v. Carson*, 347 F.3d 742, 746 (9th Cir. 2003) (holding that a claim challenging the constitutionality of a state budget reduction plan was moot because the court could not undo whatever injury the plaintiffs may have suffered); *Cook Inlet Treaty Tribes v. Shalala*, 166 F.3d 986, 990 (9th Cir. 1999) (holding that the plaintiffs' claims were moot where the court no longer had the power to grant the requested declaratory and injunctive relief).

An exception to the mootness doctrine applies "if the underlying dispute between the parties is one 'capable of repetition, yet evading review.'" *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 546 (1976) (citation omitted). "A dispute is capable of repetition if 'there is

---

[2] Plaintiff's reliance on *Exxon Mobile* is misplaced because that case involved the *Rooker-Feldman* doctrine, not the mootness doctrine.

1 a reasonable expectation that the same complaining party would be subjected to the same
2 action again'; it is likely to evade review if 'the challenged action was in its duration too
3 short to be fully litigated prior to its cessation or expiration.'" *Unabom Trial Media*
4 *Coalition v. U.S. Dist. Ct. for the E.D. of Cal. (Sacramento)*, 183 F.3d 949, 950 (9th Cir.
5 1999) (citations and alteration omitted). "[T]his exception to mootness applies only in
6 'exceptional situations,' and only when both factors are 'simultaneously present.'" *Foster*,
7 347 F.3d at 748 (quoting *Spencer*, 523 U.S. at 17). The "mere possibility that something
8 *might* happen [in the future] is too remote to keep alive a case as an active controversy."
9 *Id.* (emphasis in original).

10       This exception to the mootness doctrine does not apply to Plaintiff's claim. Plaintiff
11 does not contend that he will file additional legal documents on Ms. Ottiano's behalf. Nor
12 does he contend that he will attempt to represent other individuals in court proceedings.
13 There is no reasonable expectation that Plaintiff will again be subjected to the actions taken
14 by Defendants Foreman and Johansen in this case. *See id.* ("Plaintiffs do not establish a
15 reasonable expectation that they will be subjected to the challenged action again in the
16 future. The only fact in the record before us that supports this claim is that it happened
17 once."); *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000)
18 (holding that the mootness exception did not apply to high school students' claims
19 challenging the defendant's refusal to allow a sectarian graduation ceremony because the
20 students had already graduated).

21       Because Plaintiff's claim is moot, the Court lacks subject matter jurisdiction. *See*
22 *Ruvalcaba*, 167 F.3d at 521; *Foster*, 347 F.3d at 745; *In re Burrell*, 415 F.3d 994, 997 (9th Cir.
23 2005). The Court accordingly will dismiss this action.

24     **IT IS ORDERED:**

25       1.    Defendant Foreman's motion to dismiss the original complaint (Doc. #4)
26 is **denied** as moot.

27       2.    Defendant Johansen's motion to dismiss the original complaint (Doc. #5)
28 is **denied** as moot.

3. Defendant Foreman's motion to dismiss the amended complaint (Doc. #6), which Defendant Johansen has joined, is **granted**.

4. Defendant Johansen's separate motion to dismiss the amended complaint (Doc. #7) is **denied** as moot.

5. The Clerk shall **terminate** this action.

DATED this 6th day of January, 2006.

———————————
David G. Campbell
United States District Judge